GERALD L. ENGELDINGER, Corporation Counsel Winnebago County
You have requested my opinion regarding strip searches under sec. 968.255, Stats. Specifically, you ask the following questions:
 Do the words "body cavity" as used in sec. 968.255 (3) include the mouth, nose or ears of a person? Can an officer search a mouth, nose or ear? Must a search of a mouth, nose or ear be conducted only by a properly licensed physician, physician's assistant or registered nurse?
You have not described the particular circumstances under which a search of the mouth, nose or ears is anticipated. Therefore, in this response I am assuming that the basis for the search is constitutionally correct and that it is conducted pursuant to a search warrant or is a legal warrantless search.
Section 968.255, Stats., entitled "Strip searches," provides in pertinent part as follows:
 (1)(b) "Strip search" means a search in which a detained person's genitals, pubic area, buttock or anus, or a detained female person's breast, is uncovered and either is exposed to view or is touched by a person conducting the search.
 (2) No person may be the subject of a strip search unless he or she is a detained person and if:
 (a) The person conducting the search is of the same sex as the person detained, unless the search is a body cavity search conducted under sub. (3);
 (b) The detained person is not exposed to the view of any person not conducting the search;
 (c) The search is not reproduced through a visual or sound recording;
 (d) A person conducting the search has obtained the prior written permission of the chief, sheriff or law enforcement administrator of the jurisdiction where the person is detained, or his or her designee, unless there is probable cause to believe that the detained person is concealing a weapon; and *Page 14 
 (e) A person conducting the search prepares a report identifying the person detained, all persons conducting the search, the time, date and place of the search and the written authorization required by par. (d), and provides a copy of the report to the person detained.
 (3) No person other than a physician, physician's assistant or registered nurse licensed to practice in this state may conduct a body cavity search.
As defined by paragraph (1)(a), the word "detained" refers to a person arrested or taken into custody for any felony or certain misdemeanors.
Section 968.255, Stats., does not define "body cavity" or "body cavity search," and I am not aware of any court decisions interpreting the statute. Nor does the legislative history of sec. 968.255, Stats., provide any clarification.
To answer your questions it is necessary to determine whether subsec. (3) should be construed as standing alone rather than together with, and in the context of, the other provisions of sec. 968.255, Stats. Accepted rules of statutory construction provide that a statute should be construed to avoid an unreasonable or absurd result. The intent of a given section of a statute must be derived from the act or statute as a whole. Each part of a statute is to be construed in connection with every other part so as to produce a harmonious whole. State v. Burkman,96 Wis.2d 630, 642, 292 N.W.2d 641 (1980); State v. Wachsmuth,73 Wis.2d 318, 323, 243 N.W.2d 410 (1976); Milwaukee County v.ILHR Dept., 80 Wis.2d 445, 454 fn. 14, 259 N.W.2d 118 (1977).
The word "person" (the one conducting the search) is not defined in subsec. (3), and the term "body cavity search" is neither defined nor expressly limited to a search of a detained person. A multitude of common occurrences could be construed as "body cavity searches" and become criminal acts unless performed by the designated medically trained persons. Standing alone, subsec. (3) is unclear, very ambiguous and could be interpreted to lead to absurd results.
Subsection (3) is further clarified, however, when construed with sec. 968.255, Stats. As defined in sec. 968.255 (1)(b), Stats., a strip *Page 15 
search is the uncovering of specified body parts followed by either the exposure to view and/or touching of those body parts. The opening clause of subsec. (2) provides that only a "detained person" may be the subject of a strip search. Paragraphs (2)(a) through (2)(e) then refer to "the search." Clearly the phrase "the search," as used twice in para. (2)(a), and also in paras. (2)(b) through (2)(e) refers to a strip search. It logically follows that the term "body cavity search" as used in para. (2)(a) means a strip, body cavity search or, put another way, a search of body cavities that commences within the scope of a strip search as defined. Since subsec. (3), when read standing alone, is devoid of necessary definitions and would work results obviously not intended by the Legislature, it is reasonable and harmonious with the overall intent and purpose of sec. 968.255, Stats., to interpret the term "body cavity search" as used in subsec. (3) as having the same meaning as it has in para. (2)(a).
Therefore, it is my opinion that the scope of a body cavity search specified in subsec. (3) is limited by definition to those parts of the body listed in para. (1)(b), and does not cover searches of the mouth, nose or ears.
However, I must add a note of caution. Although intrusive searches of the mouth, nose and ears are not covered by sec.968.255 (3), Stats., such searches are subject to fourth and fifth amendment review. A search of the mouth, nose or ears which involves something more than touching the outside surfaces or observing what is in plain view may not pass constitutional scrutiny. If the search is an intrusion beyond the body's surface special care is required. It would be advisable to have trained medical personnel perform the search to avoid physical harm and pain to the person searched and to insure sanitary conditions. Law enforcement officers should refrain from probing into those body orifices with a finger or instrument. A comprehensive discussion of searches involving intrusions into the body, and the pertinent constitutional questions, is found in LaFave,Search and Seizure secs. 4.1 (d) and 5.3 (c) at 10-21, 321-30 (1978).
You expressed concern about the county's liability for civil rights violations under 42 U.S.C. sec. 1982. The potential for such liability will greatly decrease if intrusive searches of the mouth, nose, ears and other body cavities are conducted by medical personnel, and all other aspects of the search comply with constitutional mandates. It *Page 16 
certainly would be prudent for law enforcement agencies to carefully prepare rules concerning such searches, as authorized by sec. 968.255 (6). Stats.
BCL:DAM